## Arthur Cohen, Appellee, v. Cleveland, Cincinnati & St. Louis Railway Company, Appellant.

1. CARRIERS, § 503*—*when passenger not paying fare or showing ticket may be ejected.* In order to be entitled to be transported as a passenger on a train, the passenger must either pay his fare or deliver to the conductor his ticket showing his right to be so transported, and in case of refusal such passenger may be removed from the train.

2. CARRIERS, § 531*—*what injuries of ejected passenger carrier liable for.* Where a passenger is removed from a train for refusal to pay fare or to produce a ticket, the carrier is liable only for physical injuries sustained as the result of the use of unnecessary force and violence in removing such passenger therefrom.

3. CARRIERS, § 499*—*when passenger failing to produce proper ticket may recover for ejection.* Where a passenger has demanded and paid for a ticket to his destination but has failed to receive the proper ticket owing to a mistake of the carrier's agent, he may recover for being removed from the train in consequence of failing to produce the proper ticket or to pay the extra fare demanded, though no unnecessary force or violence was used in removing such passenger.

4. CARRIERS, § 531*—*what is measure of damages for ejection of passenger not producing proper ticket through fault of agent.* In an action to recover for wrongful removal from a train, where it appears that plaintiff demanded and paid for a ticket to his destination, which he failed to receive owing to the mistake of carrier's agent, and where plaintiff was removed for refusal to pay for the extra fare demanded, the elements of plaintiff's damages are the difference between the ticket paid for and the one delivered, any loss and delay caused by being removed from the train and reasonable damages for the indignity and humiliation suffered in being so removed.

5. CARRIERS, § 531*—*when damages for personal injuries to passenger sustained by being ejected recoverable.* Damages can be recovered from a carrier by a passenger for personal injuries sustained in being ejected from a train for refusal to pay fare only where the ejection is wanton and malicious, although such passenger produces a proper ticket which the carrier refuses to accept.

6. CARRIERS, § 527*—*when instruction as to nonliability for ejection of passenger not furnishing proper ticket properly refused.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Cohen v. Cleveland, Cincinnati & St. Louis Ry. Co., 197 Ill. App. 88.

In an action to recover for being removed from a train for refusing to pay fare as demanded by the conductor, where it appeared that plaintiff demanded and paid for a proper ticket, which he failed to receive owing to a mistake of defendant's agent, and where the declaration claimed damages for the anxiety, humiliation and disorder sustained by plaintiff in being removed from the train, *held* that the court properly refused to give an instruction that the jury find defendant not guilty if it was found that plaintiff refused to pay fare as demanded, and that defendant's conductor used no unnecessary force in removing plaintiff, although plaintiff had demanded and paid for a proper ticket which he failed to receive owing to a mistake of defendant's ticket agent.

7. ACTION, § 38*—*when objection as to form of action unavailable.* The objection that an action should have been brought in contract and not in tort is unavailable after judgment entered where defendant did not demur or move in arrest of judgment.

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

D. E. KEEFE, for appellant; L. J. HACKNEY, of counsel.

GEERS & GEERS, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee, who was a horse buyer, living at Edwardsville, Illinois, having purchased some horses in Bunker Hill, started from home on August 29, 1914, with two boys, John Davis and Edgar Hicks, to get them. They went as far as Mitchell on a trolley line and at that place went into appellant's ticket office, where appellee asked for three tickets to Bunker Hill, handing the agent a two dollar bill. The agent gave him three tickets, charging him three regular fares of forty-six cents each and gave him back sixty-two cents, the proper change. The three boarded the train and appellee gave the tickets to the conductor. After leav-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

90     APPELLATE COURTS OF ILLINOIS.

Cohen v. Cleveland, Cincinnati & St. Louis Ry. Co., 197 Ill. App. 88.

ing Mitchell, the train passed through Bethalto, Moro and Dorsey. Beyond Moro the conductor asked them which one of them was supposed to get off at Bethalto and appellee told him none of them; that he purchased three tickets for Bunker Hill. The conductor then said that one of the tickets read to Bethalto and asked appellee to pay the additional fare from Bethalto to Bunker Hill, amounting to thirty-three cents, and told him that if he did not do so he would have to leave the train at Dorsey, the next stop. Appellee replied that he did not see why he should have to pay his fare twice, that he had paid for three tickets from Mitchell to Bunker Hill and that he ought to be permitted to ride. The conductor said that was not any of his lookout, that it might be a mistake of the ticket agent, that appellee would have to get off the train or pay his fare again. As the train was leaving Dorsey the conductor came to appellee again for his fare, which appellee refused to pay and he also declined to get off the train. The conductor then stopped the train, took appellee by the arm or shoulder and led him from the train. There was no resistance on the part of appellee and no violence used by the conductor. After leaving the train appellee was permitted by the conductor to get on again, pay his fare and ride to Bunker Hill. Subsequently, the mistake having been discovered, appellant's agent sent appellee an American express order for thirty-three cents. It is not claimed that appellee received any physical injury or suffered any pecuniary loss beyond the thirty-three cents which was returned to him by appellant, but he brought this suit to recover damages for the indignity and humiliation suffered by him in being removed from the train.

The verdict of the jury and judgment was in favor of appellee for the sum of one hundred dollars. There was no controversy of moment in the facts, and appellant insists they presented a case upon which appellee was not entitled to recover; also that there

was error in the instructions. It is undoubtedly true, as a general rule, that a passenger desiring to pursue his journey upon a train must produce to the conductor his ticket, showing his right to be carried to his point of destination or pay his fare, and in case he refuses to do so he may be removed from the train; that in such case if the passenger has failed to purchase a ticket to his destination and refused to pay the fare, the company is only liable for any physical injury he may receive from force and violence used in excess of that necessary to put him off the train. But a different rule prevails under the decisions of this State where the passenger had demanded and paid for a ticket to the proper destination but, by mistake of the company's agent, had failed to receive it. If in such case the passenger is removed from the train, because he does not produce the proper ticket and refuses to pay the additional fare, the rule appears to be that he is entitled to recover, not only for the difference between the ticket purchased and the one delivered, but also for the delay and loss occasioned thereby and reasonable damages for the indignity and humiliation suffered by him in being expelled from the train.

In *Chicago, B. & Q. R. Co. v. Griffin*, 68 Ill. 499, a passenger paid his fare to a certain station and the ticket agent inadvertently gave him a ticket to an intermediate station. He refused to pay the fare to his point of destination and the conductor, with his assistants, put him off the train. It is said in the course of the opinion: ''The evidence tends to prove the mistake occurred at Mendota, through the inadvertence of the ticket agent in giving out the wrong ticket. If so, the conductor was right in demanding fare a second time. He was not bound to rely upon the statements of appellee that he had paid his fare to the station to which he desired to be carried. It was the duty of appellee to pay the fare demanded, and if the company refused to make suitable reparation for the indignity

to which he had been exposed in being compelled to repay his fare, he could maintain an appropriate action.'' In *Pennsylvania R. Co. v. Connell,* 112 Ill. 295, where a passenger had purchased a coupon ticket from Omaha to New York, issued by the Wabash, St. Louis & Pacific Railway Company on account of the Pennsylvania Railroad Company, which the latter refused to accept, and where on refusal to pay the regular fare demanded, the passenger was ejected from the train and brought suit against the Pennsylvania Railroad Company, it is said by the court: ''We entertain no doubt that appellee was entitled to recover the amount of the cost of a ticket from the place he was ejected from the cars, to New York. He was also entitled to recover such damages as he sustained on account of the delay occasioned by the expulsion, and all additional expense necessarily occasioned thereby, as well as reasonable damages for the indignity in being expelled from the train; but we perceive no ground upon which he can recover for personal injuries received, unless the expulsion was malicious or wanton.'' We hold to the belief that under the admitted facts in this case plaintiff was entitled to recover for the indignity and humiliation occasioned by his ejection from the train.

Appellant complains that the court refused an instruction offered it by it, which after setting forth the facts, in substance, told the jury that if they found the facts as stated then they were instructed, ''that although the agent who sold Cohen a ticket may have charged him a price sufficient in amount to entitle him to be carried to Bunker Hill, as a passenger, still, you are instructed that the plaintiff had no right to ride upon said train without either producing a ticket or offering to pay his fare to the point of destination, and if he failed to do so, and the conductor for that reason ejected him from said train, using no more force than necessary, then you are instructed that the plaintiff is not entitled to recover in this case under the

Cohen v. Cleveland, Cincinnati & St. Louis Ry. Co., 197 Ill. App. 88.

declaration in this cause, but you should by your verdict find the defendant not guilty.'' The declaration in the case claimed damages for the great anxiety, humiliation, mental anguish and disorder suffered by appellee, and from what is above said and in our view of the law as above expressed, was sufficient to show the right of recovery which was established by the facts. The instruction was therefore erroneous and was properly refused.

Appellant complains that even though appellee was entitled to recover, his action should have been for breach of contract and not for tort. We do not consider this claim of appellant well founded, but even if it were otherwise, yet as appellant did not demur to the declaration nor move in arrest of judgment he cannot, after judgment entered, take advantage of the points relied on. Under the law and the evidence in this case, appellee appears to have been entitled to the judgment which he obtained and the same will therefore be affirmed.

*Judgment affirmed.*