## General Davis, Appellee, v. Illinois Central Railroad Company, Appellant.

1. CARRIERS—*when refusal to direct verdict for carrier in passenger's action for damages for ejection proper.* In an action for damages for the ejection of plaintiff from defendant's passenger train at a station short of the destination called for by his ticket, on the ground that the conductor had no order to stop at the destination point, where there was a conflict in the evidence as to whether plaintiff boarded the train at the invitation of one of the trainmen who knew his destination but it was undisputed that he had a ticket for such destination, the court did not err in refusing to direct a verdict for defendant.

2. CARRIERS—*right of passenger to rely on trainman's direction to board train.* If one having a ticket to a certain destination is told by one of the men in charge of a train that it is "all right" to take that train for such station he has a right to rely on that advice.

3. CARRIERS—*what constitutes ejection of passenger for which damages recoverable.* If one having a ticket to a certain station on the road of defendant railway was told by the conductor to leave the train at another station as he would not stop at the destination point, it was an ejection within the meaning of the law, for which recovery might be had for the indignity of being expelled and for delay and other reasonable damages.

4. APPEAL AND ERROR—*amount of verdict as indication of want of passion or prejudice.* A verdict for $50 in favor of one who was ejected from defendant's train two miles from the destination called

for by his ticket and was obliged to walk in a storm, from which he claimed he contracted a cold and was sick and paid $3 for medical attention, was of such size as to indicate that the jury was not actuated by passion or prejudice.

Appeal by defendant from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924.

KRAMER, KRAMER & CAMPBELL and R. E. COSTELLO, for appellant; JOHN G. DRENNAN, of counsel.

MCHALE & MCHALE, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee purchased a ticket from appellant's agent at East St. Louis to Hallidayboro. He had to change to another train at Pinckneyville, and again at Duquoin. Before he got on the train at the latter station he says he was asked by one of the train men in charge, "Where to?" and replied, "Hallidayboro," whereupon the man said, "All right." After the train had pulled out he says the conductor came to him and said, "Are you the man going to Hallidayboro, have you a ticket?" and that he said he was and that he had a ticket. He says the conductor then told him he wouldn't stop for him, that he had no order to stop, and that he would have to get off at Elkville. He says that the conductor told him he could pay his fare to Elkville and wait there for the next train; that he paid his fare and when the train reached Elkville the conductor said to him, "Here's Elkville, get off." He then left the train at about 11 a. m. and found that there was no train to Hallidayboro until after 7 p. m. The distance to Hallidayboro was about two miles. It was raining and he says there was no place at Elkville where a colored man could get a meal so he walked to his destination. He claims to have taken cold by reason of the exposure and was sick and paid

three dollars for medical attention. He recovered a verdict and judgment for $50.00.

There was a conflict in the evidence as to whether he boarded the train at Duquoin on the invitation of one of the trainmen, but it is undisputed that he had a ticket to Hallidayboro. The court did not err in refusing to direct a verdict. If he was told by one of the men in charge that it was all right to take that train for Hallidayboro he had a right to act on his advice. *Chicago & A. R. Co. v. Gore,* 202 Ill. 188. If he was told by the conductor to leave the train at Elkville it was an ejection within the meaning of the law and he would be entitled to recover for the indignity of being expelled and for delay and other reasonable damages caused thereby. *Pennsylvania R. Co. v. Connell,* 112 Ill. 295.

It is true that courts are not disposed to encourage suits which seem to be brought with the view of speculating for a verdict upon the prejudices of juries against railroad companies and to redress grievances that are purely imaginary. At the same time it was a question of fact for the jury and if appellee's evidence is true he was entitled to recover. The size of the verdict indicates that the jury was not actuated by passion or prejudice. We are of the opinion that the court did not commit reversible error in the giving or refusing of instructions or in the admission or exclusion of evidence. We would not be warranted in holding that the verdict is so manifestly against the weight of the evidence that it should be set aside.

The judgment is affirmed.

*Affirmed.*