## Martha Wilson, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. CARRIERS—*what constitutes expulsion of passenger.* A passenger who leaves a train at the wrong station at the request and through the mistake of the conductor suffers an ejection for which recovery may be had for the indignity of being expelled, delay and other reasonable damages.

2. CARRIERS—*expelled passenger to recover more than nominal damages.* A passenger wrongfully expelled from a train may recover more than nominal damages, even though he has neither suffered pecuniary loss nor injury to his person by reason of the expulsion.

3. CARRIERS—*measure of damages for expulsion of passenger.* In an action by a passenger for wrongful expulsion from a train, the jury may consider the indignity done to him by the mere fact of expulsion, as well as the annoyance, vexation, delay and risk to which he was subjected, even though the conductor acted in good faith without violence or insult, and although no actual damage was sustained.

4. CARRIERS—*excessiveness of damages for expulsion of passenger.*
A judgment of $250, resulting from a remittitur from a verdict of $500,
in favor of a passenger who left the train at the wrong station at the
request and through the mistake of the conductor, is not excessive for
the indignity of being ejected and for the resulting delay of 24 hours
in reaching the destination.

Appeal by defendant from the Circuit Court of Pulaski county; the
Hon. A. L. SPILLER, Judge, presiding. Heard in this court at the
March term, 1927. Affirmed. Opinion filed May 14, 1927. Rehearing
denied July 29, 1927.

P. J. KOLB, for appellant.

FRED HOOD, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion
of the court.

Appellee purchased a ticket from appellant at Cairo,
Illinois, for transportation from that city to Cleve-
land, Ohio. She boarded the train at Cairo with her
two children, 4 and 7 years of age. Soon after leaving
Cairo the conductor took up her ticket and inquired
as to the age of the older child. It seems that he did
not observe the ticket closely and thought that ap-
pellee was going to a little station called Olmstead and
he required appellee to pay fare to that station for the
older child. Olmstead is about 20 miles north of Cairo
and after leaving that station the conductor informed
appellee that she was to get off at Grand Chain, the
next station north of Olmstead. At the conductor's
request she and her children left the train at Grand
Chain. She knew that she would have to change cars
before she reached Cleveland, and after the train left
Grand Chain she made inquiry as to the train she was
to take. It was then learned that the conductor had
made a mistake in having her leave the train at that
point and that she could not proceed on her journey
for a period of 24 hours. Arrangements were made

whereby the ticket agent at Cairo issued another ticket to Cleveland and on the following day appellee and her children proceeded on their journey. Upon the trial she recovered a verdict for $500 and the court required a remittitur of $250 and rendered judgment for $250.

Appellant contends that the jury allowed appellee exemplary damages and that the remittitur was not sufficient; that appellee was not entitled to more than nominal damages.

Appellee had a ticket to Cleveland, Ohio, and was told by the conductor to leave the train at Grand Chain. This was an ejection within the meaning of the law, for which recovery might be had for the indignity of being expelled and for delay and other reasonable damages. *Davis v. Illinois Cent. R. Co.*, 233 Ill. App. 539.

Where a passenger is expelled from a train and without fault on his part, he may recover more than nominal damages, even though he has suffered no pecuniary loss, or received actual injury to the person by reason of such expulsion. Even though the conductor acted in good faith, and without violence or insult, and that no actual damage was sustained, still, the jury, in estimating the damages, may consider not only the annoyance, vexation, delay and risk to which the person was subjected, but also the indignity done to him by the mere fact of expulsion. *Chicago & A. R. Co. v. Flagg*, 43 Ill. 364; *Pennsylvania R. Co. v. Connell*, 112 Ill. 295; *Cohen v. Cleveland, C., C. & St. L. Ry. Co.*, 197 Ill. App. 88. Some complaint is made as to the court's rulings on the instructions but we are of the opinion that if any error was committed it is not of such a character as to require a reversal. It seems to us that the mistake of the conductor was inexcusable, and having carried appellee and her children by the station to which he thought they were going it should have occurred to him to look at the ticket and

make sure of their destination. Passengers should not be subjected to the indignity and humiliation of being ejected, without fault on their part, and to a delay of 24 hours in reaching their destination and then be told that the law will not permit them to recover more than nominal damages. The judgment is affirmed.

*Affirmed.*